SCHALL, Circuit Judge,
dissenting.
Our jurisprudence has drawn a distinction between those military personnel cases that present justiciable controversies and those that do not. On the one hand, courts are competent to review compliance with an applicable statute or regulation, for “[t]he military no less than any other organ of the government is bound by statute, and even when granted unfettered discretion by Congress the military must abide by its own procedural regulations should it choose to promulgate them.” Lindsay v. United States, 295 F.3d 1252, 1257 (Fed.Cir.2002). A claim of procedural violations may present a justiciable controversy because “the test or standards against which this court measures the military’s actions are inherent: they are the applicable statutes and regulations.” Adkins v. United States, 68 F.3d 1317, 1323 (Fed.Cir.1995). On the other hand, “decisions as to the composition, training, equipping, and control of a military force are essentially professional military judgments.” Gilligan v. Morgan, 413 U.S. 1, 10, 93 S.Ct. 2440, 37 L.Ed.2d 407 (1973). The substance of such decisions “is frequently beyond the institutional competence of courts to review.” Lindsay, 295 F.3d at 1257. We have stated:
Neither the Court of Federal Claims nor this court will review those specific conclusions of military review boards that speak to the question of whether an officer deserved to be promoted or retained in service. Such unreviewable determinations include a conclusion that removal of a defective OER would not have made any difference to an officer’s prospects for retention on active duty in the reserves or prospects for promotion.
Id. (citations omitted).
Turning to the case at hand, I agree that it is proper for us to decide whether the Corrections Board complied with Air Force Regulation 31-11 when it had Brigadier General Gideon review Chisolm’s complete file and then render an opinion as to whether the missing OPR would have made a difference in the NLEB’s promotion recommendation. See Murphy v. United States, 993 F.2d 871, 873 (Fed.Cir.1993) (“A court may appropriately decide whether the military followed procedures.”). I also agree with the majority that the Corrections Board complied with the regulation. Where I part company with the majority is in the next step it takes.
In essence, the majority evaluates the sufficiency of the evidence presented to the Corrections Board, in the form of General Gideon’s opinion, that the missing OPR would not have made a difference in the NLEB’s promotion recommendation. Specifically, the majority questions the soundness of General Gideon’s view of Chisolm’s five-year tenure as Deputy Staff Judge Advocate at the Air Force Academy. It also states that the Corrections Board should have specifically addressed the information contained in the DeAustin, Dorger, and Hosmer letters and that the Board should not have accepted General Gideon’s opinion over that of Colonel DeAustin when General Gideon did not consult the other three members of the NLEB. In addition, the majority is critical of the Corrections Board’s assessment of Colonel Dorger’s letter challenging General Gideon’s interpretation of the PRF. Finally, the majority faults the Corrections Board for accepting General Gideon’s opinion that the missing OPR would not have made a difference in the NLEB’s pro *405 motion recommendation without evidence that Gideon compared Chisolm’s record with the records of the officers against whom he was competing for promotion. The ultimate effect of these alleged errors, according to the majority, is to render arbitrary and capricious the Corrections Board’s conclusion that “[insufficient relevant evidence has been presented to demonstrate the existence of a probable error or injustice.”
I cannot escape the conclusion that, in the absence of any allegation of a statutory or regulatory violation, for all intents and purposes, the majority has reviewed the substance of the Corrections Board’s decision to deny Chisolm’s claim. That is something we are not competent to do. See Fluellen v. United States, 225 F.3d 1298, 1304 (Fed.Cir.2000) (“[W]e will not review the AFBCMR’s decision that any consideration of the voided OER would not have made a difference to Fluellen’s prospects for promotion because such decisions are not appropriate for review by a court.”); Sargisson v. United States, 913 F.2d 918, 922 (Fed.Cir.1990) (refusing to review a corrections board decision that “removal of this one OER would not have made any difference to [Sargisson’s] prospects for retention on active duty.”).
For the foregoing reasons, I would affirm the decision of the Court of Federal Claims granting the government’s motion for judgment on the administrative record. Accordingly, I respectfully dissent.